### BATES MACH. CO. v. WM. A. FORCE & CO.

#### (Circuit Court, S. D. New York. April 17, 1906.)

PATENTS—INFRINGEMENT—NUMBERING MACHINE.

> The Bates patent, No. 676,084, for a numbering machine, while not for a pioneer invention, covers patentable improvements which overcame objections to the machines of the prior art, and entitle its claims to a reasonably broad construction and range of equivalents. As so construed, claims 2 and 22 *held* infringed.

In Equity.

Alfred B. Carhart, for complainant.
William E. Warland, for defendant.

HAZEL, District Judge. The bill seeks to restrain the alleged infringement of letters patent No. 676,084, dated June 11, 1901, issued to Edwin G. Bates, complainant's assignor. The invention relates to automatic type high numbering machines, which ordinarily comprise a rectangular metal box, containing a horizontal shaft, number-printing wheels, and a swinging pawl frame, to operate the numbering wheels, and a so-styled "plunger" device. The latter is located at one end of the frame, and constitutes means for actuating the wheel operating pawls. The combined elements are designed to be locked in a printer's chase or form. The principal defenses interposed are want of invention, noninfringement, and that the patentee was not the real inventor. Claims 2 and 22, the bases of the action, read as follows:

"(2) The combination, in a numbering machine, of a frame, an axis, number-wheels, ratchets, a stepped pawl, a pawl-carrying plate having arms with bearings on said axis, one of the arms having gear-teeth, a plate, a spring normally holding the plate out of the printing-plane, and adapted to be compressed by the act of printing, pins for guiding said plate, and a projecting arm on said plate, with teeth engaging said gear-teeth, as set forth."

"(22) The combination of a numbering-machine frame, a plate, 11, extending across the machine at right angles to its axis, said plate having an extending arm with rack-teeth, an arm with gear-teeth meshing with the rack, a plurality of guide-pins for plate 11, near opposite ends thereof, and a single spring, serving to raise said plate."

The plate of the plunger device, as shown in the drawings, has a rigid overhanging arm, which connects directly with the actuating

pawl swing. The chief improvement of the claims is shown to be this overhanging arm, which permits direct connection with the actuating pawl swing, and enables instant removal and reassembling of the plunger without displacing any screws or end plate of the machine. The early numbering machines necessitated the removal of a screw or screws, and in some instances an end plate of the machine, before the plunger could be removed. This operation required a certain amount of mechanical skill, entailed loss of time in cleansing, and was apt to result in rendering the machine inoperative. Bates undertook to overcome these objections, and to provide a simple and efficient device, capable of instant removal, constructed of few parts, and one which reduced delay in cleansing to a minimum. To this end he devised a vertically moving plunger with a rigid projecting arm, having geared teeth at the end thereof, which meshed with geared teeth of the swinging pawl frame when the plunger plate was depressed by the movements of the printing machine, and imparted to the pawl frame a forward and rearward motion, causing the pawls to co-act with the teeth of the ratchet wheels, and thus rotate the printing machine. The patent is not for a pioneer invention, as numbering machines in form much like that in suit were known to the art. Defendant contends that the structures of the prior art, if they do not wholly negative novelty in the Bates device, limit it to the identical form described. In considering the prior art, it is not deemed necessary to discuss at length the numerous patents in evidence. It is sufficient to note that the indicated elements are found in other known combinations, of which the several patents to Reinhardt and the patents to Sanders are a fair type. Bates, however, simplified the art, as has been indicated, by suitably arranging direct connection between his plunger and the swinging pawl frame in such manner as to easily operate the actuating means, and make the plunger instantly removable for cleansing, and easy to restore for a continuance of the printing operation. To accomplish his object he departed from the constructions of the prior art, which disclosed and utilized, among other forms, a pin projecting into the pawl frame through a mortise in the side wall between the plunger and pawl swing. Complainant claims, and the elicited facts support such claim, that the new conception and combination of the claims in suit includes the following elements:

"A transverse plate held above the plane of printing over the end of the frame, guided and prevented from turning by vertical pins projecting downwardly into vertical sockets, together with a strong nonbreaking spring, located centrally under the point of printing contact, the plate having a rigid overhanging arm bridging the intervening wall of the frame to rock the pawl-swing by the direct meshing of the face of the pawl-swing with the vertically moving rigid plunger-arm, without the intervention of levers, and without passing through the wall of the frame."

The prior art does not show a device having a plate with guide-pins, a central spring underneath, and a rigid overhanging arm, with meshing teeth at the end thereof. This feature of the Bates construction was new, and in connection with the elements above quoted from complainant's brief apparently performs a new and beneficial

result. The earlier machine discloses a plunger, consisting of a solid piece of metal, held in vertical position by an end plate screwed to the metal box or frame. Although a spring or springs was contained in the plunger of some of the earlier devices, yet they lack the central spring, guide-pins, and guide sockets of complainant's invention, and accordingly were unable to achieve the result of the patent in controversy.

The serious issue presented is whether or not defendant's structure may be properly included within the scope of the claims. In view of the prior art, the Bates invention is not strictly in the class of patents calling for a wide range of equivalents, but the original changes and alterations in the plunger device, which resulted in a meritorious apparatus, entitles the patentee to a reasonable construction of his claims; especially as the important objections to complete success in prior machines were overcome by the improvement. The evidence shows that the invention was generally recognized as useful and beneficial, and the business of the inventor was enhanced thereby. Does the structure of the defendant embody the essential elements of complainant's invention? After carefully examining the Reinhardt and such other machines as are claimed by defendant to narrow the scope of the claims, the testimony and structure of defendant, I have concluded that the patent should not be as strictly construed as defendant contends. Defendant achieves the result of the Bates invention by the employment of a combination of substantially similar elements, although an apparent attempt is made to differentiate the same. The exhibit Force machine, model 13, No. 1,541, in addition to the elements that were admittedly familiar to the art, shows a rigid projecting arm on the plunger, with a pin engaging a slot in one of the arms of the pawl-carrying plate, and accordingly comes within the language of claim 2. Complainant's expert claims that defendant's slot in one of the arms of the pawl-carrying plate and pin on the plunger which engages such arm are the equivalents of the gear-teeth in complainant's swinging frame and projecting arm. This interpretation I conceive to be a correct comparison of the involved structures. The essential elements of claim 22 are the "plate, 11, extending across the machine at right angles to its axis, * * * a plurality of guide-pins for plate 11, near opposite ends thereof, and a single spring, serving to raise said plate." In the Force machine the plate is shorter than that of the Bates construction, although it extends across the machine, and is guided by a pin and an arm which fits into a vertical slot near the plunger, and which is claimed by complainant to functionally operate an additional guide-pin. Whether such device has a single guide-pin or a plurality of guide-pins is not thought important in view of the result attained. Defendant's plunger is readily detached from the machine by means of a bolt in the top end of the frame, which enters a slot in the stem of the plunger, and enables instant removal of the plunger without displacement of screws or end plate of the machine.

The next defense is that one Speilman, a former employé of complainant, was the original inventor of the device in question. The

proofs upon this point are not persuasive of the correctness of the asserted claim. The testimony of the patentee that he prepared the original sketches and drawings and directed and supervised the construction is clear and convincing.

A liberal view of this invention is not taken without some hesitation, but, in view of the strength and simplicity of the device, which evidently has overcome prior difficulties in the art, and the success accorded it by the trade, a construction of sufficient breadth as to include defendant's structure is warranted. The claims being valid and infringement shown, a decree may be entered in the usual form for an injunction and accounting.